UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **JAMES WARD**<br>     **LA. DOC #440314**<br>**VS.** | **CIVIL ACTION NO. 3:12-cv-2676**<br><br>**SECTION P**<br><br>**JUDGE JAMES T. TRIMBLE, JR.** |
| **SECRETARY JAMES LeBLANC,**<br>**ET AL.** | **MAGISTRATE JUDGE KAREN L. HAYES** |

REPORT AND RECOMMENDATION

*Pro se* plaintiff James Ward, proceeding *in forma pauperis*, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on October 9, 2012. Plaintiff is an inmate in the custody of Louisiana's Department of Corrections (LDOC); he is incarcerated at the Richwood Correctional Center. Plaintiff sues the LDOC, its Secretary, James LeBlanc, and LDOC's "Time computation/Legal Department" claiming that the application of the provisions of La. R.S.15:571.3(D) (as amended by Acts 1994, 3rd Ex.Sess., No. 150, § 1) denies him the opportunity to earn diminution of sentence in violation of the Ex Post Facto and Due Process Clauses of the United States Constitution. Plaintiff prays for a judgment declaring R.S.15:571.3(D) unconstitutional as it applies to him and others and an injunction prohibiting the LDOC from applying to provisions of the statute to him and others.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim for which relief may be granted.

*Background*

On August 6, 2001, plaintiff was found guilty of armed robbery (La. R.S.14:64) and sentenced to serve 20 years at hard labor. Previously, in 1992, plaintiff claims that he was convicted of aggravated assault. After having served 10 years in custody on the armed robbery conviction, plaintiff discovered that he was ineligible to earn diminution of sentence because his armed robbery conviction was considered a second offense crime of violence.

*Law and Analysis*

*1. Screening*

When a prisoner is allowed to proceed *in forma pauperis* in a suit against an officer or employee of a governmental entity pursuant to 42 U.S.C. §1983, the court is obliged to evaluate the complaint and dismiss it without service of process, if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A; 28 U.S.C. §1915(e)(2). *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir.1990). A civil rights complaint fails to state a claim upon which relief can be granted if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations of the complaint. Of course, in making this determination, the court must assume that all of the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir.1998).

A hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n. 4 (5th Cir.1991). A district court may dismiss a prisoner's civil rights complaint based upon the complaint and exhibits alone. *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir.1986). Plaintiff filed an original complaint outlining the broad contours of his claim. Further

amendment is unnecessary.

*2. Ex Post Facto*

Plaintiff claims that the denial of diminution of sentence violates the prohibition against *ex post facto* legislation. This claim is without a basis in law or fact. La. R.S.15:571.3(B)(1) provides, "every inmate in ... custody ... who has been convicted of a felony, <u>except an inmate convicted a second time of a crime of violence as defined by R.S. 14:2(B)</u>, and sentenced to imprisonment for a stated number of years or months ... may earn ... a diminution of sentence by good behavior and performance of work or self improvement activities, or both, to be known as 'good time'...." Likewise, La. R.S.15:571.3(D) provides: "<u>Diminution of sentence shall not be allowed an inmate in the custody of the Department of Public Safety and Corrections if the instant offense is a second offense crime of violence as defined by R.S.14:2(B)</u>.  La. R.S.14:2(B) defines a crime of violence as an "offense that has, as an element, the use, attempted use, or threatened use of physical force against the person or property of another, and that, by its very nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense or an offense that involves the possession or use of a dangerous weapon."  La. R.S.14:2(B)(7) and (21) defines both aggravated assault and armed robbery as crimes of violence.

These provisions were added by Act 150 of the Third Extraordinary Session of the 1994 Louisiana Legislature. Thus, as pointed out by the plaintiff, at the time he committed the 1992 aggravated assault, Louisiana Revised Statute 14:2(B) did not exist defining the term "crime of violence." Therefore, he claims that his aggravated assault conviction was not for a crime of violence and that the application of La. R.S. 14:2(B) and La. R. S.15:571.3(D) to deprive him of

the opportunity to earn diminution of sentence operates as an "*ex post facto* law."

The law is settled, "two critical elements must be present for a criminal or penal law to be *ex post facto*: (1) it must be retrospective, that is, it must apply to events occurring before its enactment, and (2) it must disadvantage the offender affected by it." *Weaver v. Graham*, 450 U.S. 24, 29, 101 S.Ct. 960, 964, 67 L.Ed.2d 17, 23 (1981); *Barksdale v. Blackburn*, 670 F.2d 22, 26 (5th Cir.1982). Plaintiff's *ex post facto* claim fails because the complained of 1994 amendments, which denied diminution of sentence to inmates convicted of two or more crimes of violence, was passed <u>prior to</u> plaintiff's second "crime of violence" – the 2001 armed robbery conviction. Likewise, the application of Louisiana Revised Statute 14:2(B)(7) and (21) did not affect the penalty imposed for the 1992 conviction. Rather, the impact of that classification applied only to his 2001 armed robbery offense, which was committed after the crimes of aggravated assault and armed robbery were defined as a crimes of violence.

In other words, with regard to plaintiff's *ex post facto* claims, the relevant offense in this case is the current crime – the 2001 armed robbery. As noted by plaintiff himself, Act 150 has been in effect since August 1994. Thus, plaintiff was on notice of the consequences of a second conviction of a crime of violence before he committed the armed robbery. As a result, the consideration of La. R.S.14:2(B) and the reliance on La. R.S.15:571.3(D), as amended by 1994 Acts, Third Extraordinary Session, No. 150, to deny him good time eligibility on sentences imposed for crimes committed after the Act's effective date does not violate the *ex post facto* clause of the United States Constitution. *See State v. Keys*, 29,369, p. 9 (La.App. 2nd Cir.5/7/97), 694 So.2d 1107, 1115, *writs denied*, 703 So.2d 21 (La.10/31/97); *cf State v. Francis*, 709 So.2d 834, 841 (La.App. 1st Cir.2/20/98), *writs denied* 723 So.2d 961 (La.1998); *United States v.*

*Rasco*, 123 F.3d 222, 227 (5th Cir.1997), *cert. denied*, *Rasco v. U.S.*, 522 U.S. 1083, 118 S.Ct. 868, 139 L.Ed.2d 765 (1998). In *Rasco*, which dealt with a similar although not identical issue, the Fifth Circuit noted:

> The Supreme Court has held that recidivist statutes not unlike that at issue here do not violate the Ex Post Facto Clause. *See Gryger v. Burke*, 334 U.S. 728, 732, 68 S.Ct. 1256, 1258, 92 L.Ed. 1683 (1948) ('The sentence as a fourth offender or habitual criminal is not to be viewed as either a new jeopardy or additional penalty for the earlier crimes. <u>It is a stiffened penalty for the latest crime, which is considered to be an aggravated offense because a repetitive one.</u>'). This circuit has likewise rejected *ex post facto* challenges to recidivist statutes. *See United States v. Saenz–Forero*, 27 F.3d 1016 (5th Cir.1994) (holding that use of a 1985 drug conviction to enhance defendant's sentence did not violate the Ex Post Facto Clause even though the drug conviction was not classified as an 'aggravated felony' for enhancement purposes until 1988); *Perkins v. Cabana*, 794 F.2d 168, 169 (5th Cir.) (upholding a Mississippi recidivist statute against an *ex post facto* challenge).

*U.S. v. Rasco*, 123 F.3d at 227.

Plaintiff is not eligible for diminution of sentence because his current conviction is a second crime of violence. He was on notice that his conviction for a crime of violence anytime after the effective date of Act 150 of 1994 would result in being declared ineligible for diminution of sentence. Therefore, the defendants' denial of diminution of sentence does not violate the Constitution and laws of the United States and he fails to state a claim for which relief may be granted.

**3. Due Process**

Plaintiff also argues that the denial of eligibility for diminution of sentence violates his Due Process rights. In order to establish a due process violation, a plaintiff must show that he has been deprived of a protected right to which he has a "legitimate claim of entitlement."

*Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7, 99 S.Ct. 2100, 60 L.Ed.2d 668 (1979). There is no constitutional guarantee to sentence credit for good behavior while in prison. *Wolff v. McDonnell*, 418 U.S. 539, 557, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974); *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir.1997). Any "legitimate claim of entitlement" must therefore come from the state. As shown above, Louisiana, through its duly elected and empowered legislature, has determined that certain felons are not entitled to earn diminution of sentence. Plaintiff has received all the process that he is due and his claim to the contrary is frivolous.

### *Conclusion and Recommendation*

Therefore

**IT IS RECOMMENDED THAT** plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim for which relief may be granted.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or**

**the legal conclusions accepted by the District Court, except upon grounds of plain error.**

*See, Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

In Chambers, Monroe, Louisiana, January 22, 2013.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE